UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HUMBERTO GARCIA,

    Plaintiff,

v.                                                Civ. No. 23-545 KRS/GJF

JASWIR SINGH and SUNSHINE
TRUCKING LLC,

    Defendants.

## ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court sua sponte following its review of the complaint filed on June 27, 2023. ECF 1. The Complaint allegedly invokes the Court's diversity jurisdiction. *Id.* at ¶ 4. The Court has a duty to determine whether subject matter jurisdiction exists. *See Tuck v. U.S. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). In carrying out this duty, the Court concludes that the Complaint fails to allege the necessary facts to sustain diversity jurisdiction and must therefore be amended.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." The party invoking a federal court's jurisdiction bears the burden of establishing all jurisdictional requirements. *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The Complaint states that "Defendants are citizens of California." ECF 1 at ¶ 4. Sunshine Trucking, LLC, however, appears by name to be a limited liability company ("LLC"), not a corporation, and determining the citizenship of an LLC is different from determining the

citizenship of a corporation under 28 U.S.C. § 1332.  Although a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business, *see* § 1332(c), an LLC is a citizen of each and every state in which any member is a citizen.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company).  If Defendant Sunshine Trucking is indeed an LLC, the Complaint is deficient by failing to allege the citizenship of every LLC member.

      Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> > (A) when the action is filed in or removed to federal court, and
>
> > (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Defendant Sunshine Trucking, LLC has not filed such a disclosure statement, so the Court in unable to determine its citizenship.

      Accordingly, the Court will give Plaintiff the opportunity to file a Complaint to allege facts necessary to sustain diversity jurisdiction.  *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *accord* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  If

Defendant Sunshine Trucking, LLC is not an LLC, it should instead file a notice clarifying what type of entity it is.

**IT IS THEREFORE ORDERED** that, no later than **July 13, 2023**, Plaintiff shall amend the Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. If such an amended Complaint is not filed, the Court may remand this action to state district court.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE